State of Rhode Island and Providence Plantations, which sues for the benefit of Jeremiah G. Sweeney
vs.
Maryland Casualty Company

No. 91772.

November 14, 1933.

CHURCHILL, J. Heard on motion for summary judgment.

The action is debt against the surety on a bond and is brought in the name of the obligee of the bond for the benefit of sub-contractor who claims the benefit of a condition in the bond. He has moved for judgment under the provisions of Ch. 1343, Pub. Laws 1929, amended Ch. 1605, Pub. Laws 1930. The defendant takes the position that in an action of this character the summary judgment act does not apply.

From the pleadings it appears that the bond, which runs to the State as the sole obligee, was given by C. M. Callahan, Inc., to secure the performance of a highway construction contract between that company and the State of Rhode Island. The bond is in the penal sum of $27,000 and the State has a substantial and primary interest therein. Among the conditions it is provided that the obligor shall pay for all labor performed or furnished and for all materials supplied in carrying out the contract secured.

The bond also provides that upon completion of the contract and before final acceptance the contractor must furnish satisfactory evidence that all material and all labor claims have been paid.

It is clear that the real party in interest in this action is Jeremiah G. Sweeney. He is designated throughout the declaration as the plaintiff except in the caption and the allegation in the declaration, "The State of Rhode Island and Providence Plantations which sues for the benefit of Jeremiah G. Sweeney."

The declaration goes on to allege that the "said plaintiff (i. e. Jeremiah G. Sweeney) performed or furnished labor and supplied materials which were used for the improvement of the aforesaid sections and highway and that by virtue thereof there is now due the plaintiff the sum of Fourteen

Hundred Twenty-nine 64/100 * * * Dollars" and that the defendant on demand has refused, etc.

The statutory affidavit, which is the foundation on which the Court orders judgment, is an affidavit executed by Jeremiah G. Sweeney in which he describes himself as the plaintiff named in the suit and recites that he is seeking to recover a debt or liquidated demand in money in the sum of $1,429.64 and that there is no defense to this claim.

No affidavit has been filed by or on behalf of the State of Rhode Island.

Motion for judgment is for $27,000, the penal sum of the bond.

The Court cannot order judgment for the State of Rhode Island for $27,000 since no affidavit has been filed by or on behalf of this party in support of the motion.

Judgment cannot be ordered for the real party in interest, Jeremiah G. Sweeney, for $27,000 since confessedly on the record no such sum is due him, and neither can the Court order judgment for the plaintiff Sweeney in the sum of $1,429.64 since that amount cannot be adjudged due the plaintiff until after judgment and on chancerization proceedings under Ch. 344, Secs 3-7, Gen. Laws 1923.

The motion for summary judgment is denied.

For plaintiff: Max Winograd.

For defendant: William A. Gunning.